**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff*,
Bryan Greenberg

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYAN GREENBERG,**<br><br>Plaintiff,<br><br>v.<br><br>**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.    **THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br><br>II.    **CALIFORNIA'S ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

**CASE NO.:**    *Greenberg v. JP Morgan Chase Bank, National Association*
**COMPLAINT**

**INTRODUCTION**

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id.* Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id.*, at 1693d-1.

2. Understanding that the elderly community is a highly vulnerable class, in 1982 the California Legislature enacted the Elder and Dependent Adult Civil Protection Act ("EDACPA") set forth in Welfare & Institutions Code §§ 15600, et seq. As such elderly individuals have heightened rights and special statutory protections not afforded to other members of the general public. In 2008, the California Legislature made a material change to the EDACPA, which broadened the statute dramatically so that any person that "knew or should have known that [its] conduct is likely to be harmful to the elder" could be held civilly liable under the EDACPA. *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 736-37, 112 Cal. Rptr. 3d 439, 447 (2010).

3. BRYAN GREENBERG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of JP MORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant") with regard to unauthorized electronic funds transfers.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331; and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"); and (ii) the Elder and Dependent Adult Civil Protection Act, Welfare & Institutions Code §§ 15600, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiff is a natural person over 65 years old who resides in Los Angeles, State of California, and is a "person" as defined by Regulation E in 12 C.F.R.

CASE NO.:                    2 OF 8        *Greenberg v. JP Morgan Chase Bank, N.A.*
**COMPLAINT**

1005.2(j).

14. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

15. Defendant routinely engages in the practice of electronic fund transfers as defined by 15 U.S.C 1693a(7).

16. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9), which regularly conducts business in the State of California.

17. Defendant is a corporation doing business in the County of Los Angeles, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. At all times relevant, Plaintiff was in possession of a bank account (the "Account") which is owned and managed by Defendant.

20. Plaintiff opened the account primarily for personal purposes. Plaintiff maintained a checking account with Defendant that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiff had a debit card that was associated with his deposit account with Defendant (the "Account").

21. On April 22, 2025, six fraudulent withdraws occurred at the teller: $6,000.00, $5,800.00, $5,600.00, $5,500.00, $6,100.00, and $6,200.00. That same day there were three more fraudulent withdraws this time from an ATM in the amounts of $495.00, $480.00, and $496.00. Plaintiff lost $36,671.00 to fraudulent withdraws in a single day and reduced his account to a mere $11,685.51. As an elder American, the impact of the losing so much money in one day staggering, shocking, and entirely demoralizing.

22. Such an event is shocking to any individual; however, owing to Plaintiff's

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                                3 OF 8        *Greenberg v. JP Morgan Chase Bank, N.A.*
                                      **COMPLAINT**

advanced age and limited means, the loss of the majority of the account through fraudulent transactions was calamitous. Plaintiff expected to rely upon the stolen funds to support his subsistence in retirement.

23. Plaintiff was, however, hopeful that his bank, Defendant, would act to support him in this time of need.

24. On April 24, 2025, Plaintiff filed a police report with the Los Angeles Police Department.

25. On May 7, 2025, Plaintiff went to his local Chase branch in Studio City in order to dispute the fraudulent transactions. Plaintiff told the bank employees that he did not authorize the transactions, and implored them for assistance.

26. The bank employees presented Plaintiff with a statement of facts and forged item declaration. The branch employee completed the forms for the Plaintiff, including indicating that the transaction occurred via a "teller withdrawal" as indicated on the dispute form.

27. Plaintiff was absolutely baffled by how the bank could have allowed so many large withdraws without investigating if they were being made fraudulent considering Plaintiff had no history of such large withdraws especially in a single day.

28. Plaintiff explained that he did not authorize the transactions, and that he did not understand how they were made.

29. Plaintiff submitted his dispute to Defendant in less than 60 days from receipt of Account statements showing the unauthorized transactions.

30. In fact, Plaintiff was subjected to the hassle of traveling to Defendant's local branch while also engaging in telephonic disputes.

31. On (DATE), Plaintiff learned that Defendant had rejected his disputes.

32. Plaintiff had suffered the loss of his wife of forty years only a few months prior to becoming a victim of fraud. As a result of his heartbreaking loss, Plaintiff

CASE NO.:                                    4 OF 8        *Greenberg v. JP Morgan Chase Bank, N.A.*
**COMPLAINT**

already has had to take medication to manage the stress.

33. Owing, however, to the stress of the unauthorized transactions, and then to Defendant's determination that Plaintiff was responsible for the transaction, Plaintiff has increased his medication consumption.

34. Defendant's investigation was unreasonable.

35. More specifically, Defendant should have discovered from its own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.

36. Defendant failed to adequately consider that Plaintiff promptly reported the fraudulent transactions.

37. Defendant failed to adequately consider that Plaintiff has no history of making false or unverifiable fraud reports.

38. Defendant failed to adequately consider that Plaintiff has no criminal history.

39. Defendant failed to adequately consider that Plaintiff has no history of irresponsible use of his account.

40. Defendant failed to adequately consider that Plaintiff has no history of frauds or disputes with any other financial institutions.

41. Defendant failed to adequately consider that there is no proof that exists to refute Plaintiff's claims herein

42. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

43. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

44. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

45. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

46. The abovementioned transactions were unauthorized electronic fund transfers

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

47. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transaction.

48. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

51. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

## ELDER AND DEPENDENT ADULT CIVIL PROTECTION ACT

## WELFARE & INSTITUTIONS CODE §§ 15600, ET SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff is the age of 65 or older, and thus "elder" within the meaning of Welfare & Institutions Code §15610.27.

54. Under Welfare & Institutions Code §15610.30(a), financial abuse of an elder occurs when an entity either directly or assists in the taking, secreting,

appropriating, obtaining, or retaining of the real or personal property of an elder or dependent adult for a wrongful use.

55. Welfare & Institutions Code §15610.30(b) clarifies that a wrongful use is broadly defined to include whenever an entity knew or should have known that its conduct is likely to be harmful to the elder.

56. Welfare & Institutions Code §15610.30(c) clarifies that a person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right.

57. Here, as described above, Plaintiff was entitled to a refund of the stolen funds under EFTA. However, Bank refused to reimburse Client in the amount of the stolen funds, which he had a legal right to receive.

58. By refusing to reimburse him for this $15,500, Bank directly violated Welfare & Institutions Code §15610.30(a)(1) by retaining funds of an elder that it knew or should have known would cause the elder harm.

59. Bank's conduct was the proximate and foreseeable cause of substantial harm to Plaintiff, and Plaintiff has suffered, and continues to suffer and incur special and general damages.

60. Based on the above, Plaintiff alleges that Bank is guilty of recklessness, oppression, fraud, or malice through its actions.

61. Bank's conduct was a substantial factor in causing the foregoing harm which Plaintiff has suffered and continues to suffer.

62. Further, as a direct and proximate result of Bank's misconduct, and Bank's failure to refund or credit the lost funds, Plaintiff has incurred and will continue to incur attorneys' fees and litigation expenses in an amount to be proven at trial. Plaintiff therefore seek to recover any and all remedies permitted by the Civil Code and Welfare & Institutions Code, including attorneys' fees and expenses pursuant to Welfare & Institutions Code § 15657.5.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;

- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

- Actual damages, reasonable attorneys' fees and costs, and punitive damages under Welfare & Institutions Code § 15657.5;

- Treble damages under Cal. Civ. Code § 3345;

- Punitive damages under Cal. Civ. Code § 3294;

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

63. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 20, 2025                                  Respectfully submitted,

                                                    **LOKER LAW, APC**

                                        By: ___*/s/ Matthew M. Loker*___
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF